```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

LOUCREISE MCGEE,                  )
                                  )
            Plaintiff,            )
                                  )
      vs.                         )     Case No. 4:08CV1092-DJS
                                  )
NATIONAL HEALTHCARE               )
CORPORATION and DELMA             )
GERLT,                            )
                                  )
            Defendants.           )

## ORDER

Now before the Court are defendant National Healthcare Corporation's ("NHC") motion to dismiss Count II of plaintiff Loucreise McGee's petition [Doc. #13], and defendant Delma Gerlt's ("Gerlt") motion to dismiss Count III of plaintiff's petition [Doc. #17]. These matters have been fully briefed and are ready for disposition.

### Standard of Review

In considering a motion to dismiss a complaint for failure to state a claim, the Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow

relief.  Id.  Thus, as a practical matter, a dismissal for failure to state a claim should be granted only in a case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief.  Id.

**Facts**

The following facts are pled in plaintiff's petition and are accepted as true for purposes of this motion.  Defendant NHC owns and operates a nursing home in Town and Country, Missouri. Defendant Gerlt is an employee of defendant NHC at its Town and Country facility, and holds a supervisory position.  Plaintiff, a registered nurse, was employed at defendant NHC's Town and Country facility from October of 2005 to April 12, 2007.

Beginning in January of 2007, plaintiff observed other employees of defendant NHC neglecting and abusing elderly and disabled residents in the Town and Country facility.  Plaintiff reprimanded those employees, and reported the abuse and neglect to her supervisors, Kathy Phillips and defendant Gerlt.  Defendant Gerlt refused to act on any of the reports of abuse and neglect.

Defendant NHC maintains a hotline for employees to report abuse and neglect, and encourages employees working at its facilities to report abuse and neglect.  On April 11, 2007, plaintiff called defendant NHC's hotline, identified herself and her position, and detailed the abuse and neglect occurring at defendant NHC's Town and Country facility.  Plaintiff also

identified defendant Gerlt as one of her supervisors who was aware of the abuse and neglect but who had failed to act.

On April 12, 2007, plaintiff received a phone call from defendant Gerlt. Defendant Gerlt inquired about plaintiff's call to defendant NHC's hotline. Defendant Gerlt then stated that another employee had said that plaintiff did not care about the facility's residents, and told plaintiff that she was fired.

## Discussion

Count II of plaintiff's petition is a claim for breach of contract asserted against defendant NHC. Without expressly alleging that there existed a written employment contract between the parties, plaintiff merely alleges that:

> [p]art of the employment contract that existed between Plaintiff and Defendant, NHC, was the obligation of Plaintiff to use reasonable efforts to protect the rights of the residents to be free from abuse and neglect and that she was obligated to inform NHC of abuse and neglect through the hotline.

Petition [Doc. #1], ¶24. Plaintiff alleges that defendant NHC breached its contract with plaintiff by discharging her in retaliation for performing her obligations under the contract.

In its motion to dismiss Count II, defendant NHC argues that plaintiff fails to adequately plead the existence of an employment contract between plaintiff and defendant NHC, and cannot do so because none exists. Defendant NHC contends that plaintiff's employment was therefore "at-will," and that under Missouri law her termination could not be in breach of any contract. To state a

claim for breach of contract under Missouri law, a plaintiff must allege: (1) a contract between the plaintiff and the defendant; (2) rights of the plaintiff and obligations of the defendant under the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. Teets v. Am. Family Mut. Ins. Co., 272 S.W.3d 455, 461 (Mo.App. 2008).

To create an employment contract, the agreement must contain a statement of duration, or some other limit on the employer's rights to discharge at will. Adcock v. Newtec, Inc., 939 S.W.2d 426, 428 (Mo.App. 1996); Morrow v. Hallmark Cards, Inc., ___ S.W.3d ___, 2008 WL 2582662, at *8 (Mo.App. 2008). Neither in her petition nor in opposition to NHC's motion does plaintiff allege any duration agreement or other restriction on defendant NHC's ability to terminate her employment. Without a statement of some limitation, an employment contract is "at-will," and is terminable at any time. "[A]n employment at will...is terminable at any time by either party with no liability for breach of contract." Adcock, 939 S.W.3d at 428; see also Morrow, 2008 WL 2582662 at *8 ("Employment-at-will is not a legally enforceable employment relationship because it is terminable at the will of either party, on a moment-by-moment basis....Terms and conditions of at-will employment are not enforceable at law as contractual duties.").

In opposition to NHC's motion, plaintiff does not maintain that there existed a written employment contract, and in

- 4 -

effect concedes that one did not exist.  Instead, plaintiff invokes the provisions of §198.070 R.S.Mo., which requires reporting of reasonable cause to believe a nursing home resident has been abused or neglected.  The statute requires reports to the Missouri department of health and senior services, however, rather than merely to the operators of the facility at which such abuse or neglect is believed to have taken place.  <u>See</u> §198.006(9).  In any event, whatever obligations the statutory provision imposes, it does not create a contract between the parties.

Plaintiff also cites <u>Bachtel v. Miller County Nursing Home District</u>, 110 S.W.3d 799 (Mo.banc 2003), in which the Missouri Supreme Court held that discharge in retaliation for reporting abuse or neglect as required by §198.070 gives rise to a private right of action **in tort**, under the public policy exception to the traditional rule that at-will employees can be dismissed for any reason.  <u>Id</u>. at 802-03.  This cause of action is asserted by plaintiff in Count I of her petition, setting forth her wrongful discharge claim.  <u>Bachtel</u> does not support the existence of a claim **for breach of contract**, where no employment contract is or can be alleged to exist.  In the absence of a written employment agreement, Count II as pled fails to state a claim upon which relief can be granted, and is at best redundant of the wrongful discharge claim pled in Count I.  Defendant NHC's motion to dismiss Count II will be granted.

Defendant Gerlt has filed a separate motion to dismiss Count III of the petition, plaintiff's claim against Gerlt for tortious interference with a contract. Defendant Gerlt argues that Count III fails, as does Count II, due to plaintiff's status as an at-will employee without a written employment contract. Missouri law, however, recognizes the existence of a cause of action for interference with a terminable-at-will employment contract at the time it existed. Although an at-will employee cannot assert a claim for breach of contract, he or she can assert a claim against a third party for tortious interference with his at-will employment:

> Notwithstanding the broad grant to employers of the power to fire at-will employees for any or no reason, Missouri law affords a discharged at-will employee...a tortious interference claim against his direct supervisor and employer if he presents "evidence eliminating any business justification at all for the termination."

Singleton v. Cecil, 176 F.3d 419, 422 (8th Cir. 1999), *citing* Stanfield v. National Elec. Contractors Ass'n, Inc., 588 SW.2d 199, 202 (Mo.App. 1979); and Eggleston v. Phillips, 838 S.W.2d 80, 83 (Mo.App. 1992).

Plaintiff's allegations in support of Count III include the following: that defendant Gerlt knew plaintiff was an employee in good standing; that defendant Gerlt intentionally interfered with the contract between plaintiff and defendant NHC by terminating plaintiff's employment for a wrongful purpose; and that defendant Gerlt's acts were outrageous, intentional, and malicious.

The Court finds that plaintiff has adequately pled that there existed an at-will employment contract sufficient to support a claim of this type; that defendant Gerlt intentionally interfered with plaintiff's employment; and that plaintiff was terminated for a wrongful purpose (which the Court considers an allegation that defendant Gerlt's actions were without justification). Construing the petition in the light most favorable to plaintiff, the Court finds that plaintiff adequately sets forth a tortious interference with contract cause of action. Accordingly, defendant Gerlt's motion to dismiss Count III will be denied.

Going forward, however, the Court notes the very high standard of proof which plaintiff ultimately must meet to succeed against defendant Gerlt on Count III. The Missouri Court of Appeals has twice noted in the context of such a claim against an individual supervisor that:

> [W]here a corporate officer is the defendant absence of justification requires that the officer interfere with the contract for personal, as opposed to corporate, interest *plus* that the officer employed improper means. Both, not one or the other, are required...To support a cause of action for intentional interference with a contract or business expectancy by a supervising employee over an at will employee requires evidence eliminating any business justification at all for the termination – a level of proof close to impossible to achieve.

Eggleston, 838 S.W.2d at 83 (emphasis in original), *citing* Green v. the Beagle-Chilcutt Painting Co., Inc., 726 S.W.2d 344, 352 (Mo.App. 1987).

For the above stated reasons,

**IT IS HEREBY ORDERED** that defendant National Healthcare Corporation's motion to dismiss Count II of plaintiff Loucreise McGee's petition [Doc. #13] is granted.

**IT IS FURTHER ORDERED** that defendant Delma Gerlt's motion to dismiss Count III of plaintiff Loucreise McGee's petition [Doc. #17] is denied.

Dated this __24th__ day of February, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE